## The People of the State of Illinois, Defendant in Error, v. Harry Miller, Plaintiff in Error.

### Gen. No. 18,136.

1. CRIMINAL LAW—*information for petit larceny.* Under the Municipal Court Act, § 27, an information for larceny alleging that defendant "did feloniously take, steal and carry away the sum of nine dollars lawful money of the United States of America of the value of" does not set forth the offense with sufficient certainty.

2. CRIMINAL LAW—*information construed strictly.* An information under the Municipal Court Act, § 27, is construed with the same strictness as an indictment at common law.

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 24, 1913.

ROBERT E. CANTWELL, for plaintiff in error.

JOHN E. W. WAYMAN, for defendant in error; ZACH HOFHEIMER, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This is a writ of error to reverse a judgment of the Municipal Court of Chicago finding the plaintiff in error guilty of petit larceny on a trial before the court without a jury, and sentencing him to six months imprisonment in the House of Correction and to pay a fine of twenty-five dollars.

The information alleged that on November 11, 1911, the plaintiff in error "did feloniously take, steal and carry away the sum of nine dollars $9.00 lawful money of the United States of America of the value of nine dollars."

Section 27 of the Municipal Court Act is, in part, as follows: "Every information shall set forth the offense with reasonable certainty, substantially as re-

quired in an indictment.'' In People v. Weinstein, 255 Ill. 530, the court states: ''The same certainty of allegation is required in an information as in an indictment. Parris v. People, 76 Ill. 274; Gould v. People, 89 Ill. 216.'' In People v. Hunt, 251 Ill. 446, the allegation that the defendant stole, etc., ''$55 of good and lawful money of the United States of America of the value of,'' etc., was held bad and the judgment therein reversed and the cause remanded.

For many centuries under the common law grand larceny was punishable by death, and in those times the value of the moneys often fluctuated greatly. The result was that the courts, in an attempt to modify the harshness of the law, would construe the charge of larceny very strictly, and thereby many technical rules were established in prosecutions for larceny, and among them was the well known rule announced in People v. Hunt, *supra*. We might have felt at liberty to modify the said rule in its application to the present times, so different from those which then seemed in justice to demand it, were it not that we now feel bound by the said recent holding of the Supreme Court in the construction of the allegation complained of in the said information.

The other errors urged need not be considered. The judgment is reversed and the cause remanded.

*Reversed and remanded.*