by another, who is himself, in the first instance, liable for such payment or performance.

3. GUARANTY, § 34*—*when evidence insufficient to establish.* In an action to recover for goods supplied to a third person, under an agreement which the statement of claim describes both as a sale and as a guaranty that such third person would pay for the goods, evidence *held* to show a sale to defendant, and not a guaranty.

4. SALES, § 329*—*when evidence sufficient to show.* In an action to recover for goods supplied to a third person by direction of defendant, which contract defendant denied that he made, *held* that a finding for plaintiff was properly made on the evidence.

The People of the State of Illinois, Defendant in Error, v. Nellie Morgan, Plaintiff in Error.

Gen. No. 20,756. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. NEW-COMER, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed October 5, 1915.

## Statement of the Case.

Information by the People of the State of Illinois, plaintiff, against Nellie Morgan, defendant, in the Municipal Court of Chicago, charging defendant with the larceny of "four dollars and fifty cents, good and lawful money of the United States of America, and one pocketbook of the value of fifty cents, all of the value of four dollars and fifty cents." The jury found defendant guilty of larceny and that the value of the property stolen was four dollars and ten cents. Defendant was sentenced to pay a fine of twenty-five dollars, and to imprisonment for ten months. To reverse a judgment of conviction, defendant prosecutes this writ of error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

CHARLES E. ERBSTEIN and CHARLES P. R. MACAULEY, for plaintiff in error.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. LARCENY, § 25*—*when description of money insufficient.* An information which charges defendant with the larceny of a pocketbook, and also with the larceny of money, without describing the money further than by stating its amount, and without alleging that the description is unknown, is defective in so far as it charges larceny of the money, and must be regarded as charging merely larceny of the pocketbook.

2. LARCENY, § 41*—*when verdict may find thing stolen of greater value than charged.* On an information charging defendant with larceny, the jury are warranted, on proper evidence, in finding the value of the article alleged to have been stolen to be greater than alleged in the information.

3. CRIMINAL LAW, § 384*—*when length of sentence in discretion of court.* Within the limits fixed by law, the amount of sentence in a criminal case is a matter which rests in the discretion of the trial judge.

---

City of Chicago, Defendant in Error, v. John Montgomery, Plaintiff in Error.

### Gen. No. 20,758.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. E. K. JARECKI, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed October 5, 1915.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.