## Abstract of the Decision.

1. CRIMINAL LAW, § 373a*—*when motion to vacate judgment is properly denied.* A motion to vacate a judgment in a criminal case is properly denied, in the exercise of the discretion of the trial court, where the affidavits in support of the motion do not present any facts excusing defendant from interposing as a defense at the time of his trial the matters disclosed in the affidavits.

2. CRIMINAL LAW—*when claim that defendant was denied right of representation by counsel is untenable.* A claim on appeal in a criminal case that defendant was denied his statutory right of representation by counsel on his trial is untenable, where the record recites that he was represented by counsel at the time of trial.

3. CRIMINAL LAW—*what is sufficient finding by court of guilty of offense charged.* In a criminal case a finding by the court that defendant was guilty "in manner and form as charged in the information herein" is sufficient as a finding that defendant is guilty of the offense charged.

---

## The People of the State of Illinois, Defendant in Error, v. Peter Tuhl, Plaintiff in Error.

### Gen. No. 23,994. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HOWARD HAYES, Judge, presiding. Heard in this court at the March term, 1918. Affirmed. Opinion filed June 10, 1918.

### Statement of the Case.

Prosecution by the People of the State of Illinois, plaintiff, against Peter Tuhl, defendant, for "larceny of the value of $5." From a judgment sentencing defendant to a term of one year in the house of correction and fining him $25 and costs, defendant brings error.

*See **Illinois Notes Digest**, Vols. **XI** to **XV**, and **Cumulative Quarterly**, same topic and section number.

HARRY P. GABEL and R. C. MERRICK, for plaintiff in error.

MACLAY HOYNE and EDWARD E. WILSON, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. CRIMINAL LAW, § 497*—*when assumed that corporation exists with initials stated in information.* In a criminal prosecution for larceny of "the personal goods and property of the P. C. C. and St. L. R. R. Co.," as charged in the information, where there is no evidence before the court on appeal and only the statutory record has been filed, it will be assumed that there is a corporation bearing such initials.

2. LARCENY, § 41*—*what is essential part of finding.* An essential part of the finding in a larceny case, by either court or jury, is the value of the property which is the subject of the larceny, and this cannot be dispensed with, as it is necessary to find the value in order to fix the punishment under the statute.

3. LARCENY, § 41*—*when finding by court is sufficient.* In a larceny case, a finding by the court that the defendant is guilty of "the criminal offense of larceny to the value of $5," though inartificial, is sufficient.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.