## The People of the State of Illinois, Defendant in Error, v. Harry Greenberg, Plaintiff in Error.

### Gen. No. 26,709.

1. WORDS AND PHRASES—*currency defined.* "Currency" is under-stood to mean bank bills or other paper money issued by authority, which pass as and for coin.

2. LARCENY—*what sufficient description of currency.* An information in a larceny case charging defendant with stealing $2 in U. S. currency, one old ten-cent piece and one pocketbook valued at 60 cents, of the value of $2.70, sufficiently described the denomination of the currency alleged to have been stolen.

3. LARCENY—*effect of insufficiency of description of part of stolen property.* Even if an information in a petit larceny case, charging defendant with stealing $2 in U. S. currency, one old ten-cent piece and one pocketbook valued at 60 cents, of the value of $2.70, could properly have been held to have insufficiently described the denomination of the bills or currency, the conviction for stealing $2.60 was sustained because it might be that the trial court considered only the value of the pocketbook which was proved to have been stolen, and further considered that it was ·of the value of $2.60.

4. LARCENY—*when proof that stolen property's value greater than that alleged not variance.* Proof, on an information charging petit larceny, that the value of the property stolen was greater than was alleged in the information was not a variance, and the defendant could not be heard to object that less was charged than was proved.

5. LARCENY—*sufficiency of finding as to value of property.* Where, in a petit larceny case, the information charged defendant with stealing $2 in U. S. currency, one old ten-cent piece and one pocketbook valued at 60 cents, of the value of $2.70, and the court found that the value of the property was $2.60, and adjudged defendant guilty of the criminal offense of larceny of the property of the value of $2.60, the finding as to the value of the property was sufficient.

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1921. Affirmed. Opinion filed November 1, 1921. Rehearing denied November 15, 1921.

MILES J. DEVINE, for plaintiff in error.

ROBERT E. CROWE, EDWARD E. WILSON and HENRY T. CHACE, JR., for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On January 8, 1920, a trial by jury having been waived, the court after a full hearing found the defendant guilty of larceny "as charged in the information herein, value of property two dollars and sixty cents ($2.60)" and adjudged him "guilty of the criminal offense of larceny of the property of the value of two dollars and sixty cents ($2.60) on said finding of guilty," and sentenced him to confinement at labor in the house of correction in Chicago for a term of 3 months and also to pay a fine of $100 and costs of suit, taxed at $6.50, the same to be paid or worked out at the rate of $1.50 per day. By this writ of error the defendant seeks to reverse the judgment.

The information, signed and sworn to by Mike Sied-

lecki, was filed in said municipal court on December 13, 1919, and alleged that:

"Harry Greenberg, * * * on the 2nd day of November, A. D. 1919, at the City of Chicago, * * * did then and there wrongfully and unlawfully take, steal and carry away two dollars in U. S. currency, one old ten-cent piece, and one pocketbook valued at sixty cents, of the value of two and 70/100 dollars, the personal goods and property of Mike Siedlecki, then and there being found, did then and there wrongfully and unlawfully take, steal and carry away, contrary to the statute," etc.

The main contention of counsel for defendant is that the judgment must be reversed because the information is substantially defective, in that a portion of the property alleged to have been stolen by the defendant is stated to be "two dollars in U. S. currency," whereas the denominations of the bills or currency should have been described. In support of his contention counsel cites the cases of *People v. Hunt*, 251 Ill. 446, and *People v. Miller*, 178 Ill. App. 292. In the indictment in the *Hunt* case the defendant was charged with stealing "$55 of good and lawful money of the United States of America of the value of $55," and the court held that the indictment was insufficient to sustain the judgment and reversed the judgment of conviction and remanded the cause. In the information in the *Miller* case the defendant was charged with stealing "the sum of nine dollars lawful money of the United States of America of the value of nine dollars," and this Appellate Court, following the decision in the *Hunt* case, held that the information was insufficient and reversed the judgment of conviction and remanded the cause. We do not think that these holdings are decisive of the insufficiency of the information in the instant case. In *Marine Bank of Chicago v. Rushmore*, 28 Ill. 463, 476, it is said that the word "currency" is understood to mean "bank bills or other paper money issued by

authority, which pass as and for coin." Probably most every citizen of mature years in Illinois in the last half of the calendar year 1919 knew that there were paper currency bills of the denomination of $2 issued by the United States government and in circulation. We think that the information sufficiently described the denomination of the currency alleged to have been stolen. But even if it should properly be held otherwise, it is to be noticed that the information charges not only the stealing of said $2 in currency but also the stealing of "one pocketbook *valued at* sixty cents," and that the court found and adjudged the defendant guilty of larceny "of the property of the value of two dollars and sixty cents ($2.60)." It may be that the court considered only the value of the pocketbook, which was proved to have been stolen by the defendant and further considered that it was of the value of $2.60. "The value proved may exceed the amount alleged." (25 Cyc. 128.) But whatever value under $15 was fixed by the court makes little difference, because the crime charged was petit larceny and the conviction and sentence were for petit larceny. In the case of *People v. Morgan*, 194 Ill. App. 514, the information charged defendant with stealing "four dollars and fifty cents, good and lawful money of the United States of America, and one pocketbook of the value of fifty cents, all of the value of four dollars and fifty cents." A jury found the defendant guilty of larceny and that the value of the property stolen was $4.10, and defendant was sentenced to pay a fine of $25 and to imprisonment for 10 months. In affirming the judgment the Appellate Court said:

"So much of the information as charges the stealing of money is defective because there is in the information neither a description of the money charged to have been stolen nor allegation that the description was unknown to the prosecutrix. *People v. Hunt*, 251 Ill.

446.   *   *   *   The jury found the value of the property stolen to be $4.10.   Conceding that the information is to be regarded as only charging the stealing of a pocketbook, the fact that the value of the pocketbook was alleged to be fifty cents would not prevent the jury, on proper evidence, from finding that its value was $4.10.   Proof that the value of the property stolen is greater than is alleged in the indictment is not a variance, and the defendant cannot object that less was charged against her than was proved.   The punishment, within the limits prescribed by law, is a matter committed to the discretion of the trial judge."

Counsel also urges that the finding by the court as to the value of the property was not sufficient to warrant the judgment.   The court found the "value of property two dollars and sixty cents ($2.60)" and adjudged the defendant "guilty of the criminal offense of larceny of the property of the value of two dollars and sixty cents ($2.60)"   We think that the finding as to value of the property was sufficient. (*People v. Tuhl,* 211 Ill. App. 377.)

Counsel further urges that the evidence does not sufficiently prove that the defendant stole the pocketbook or that the ownership thereof was in the prosecuting witness, Siedlecki.   After a review of the evidence we think that the contentions are without merit.

The judgment of the municipal court is affirmed.

*Affirmed.*

BARNES and MORRILL, JJ., concur.