# The People of the State of Illinois, Defendant in Error, v. Sadie Cohen, Plaintiff in Error.

## Gen. No. 26,182.

1. JURY—*when waiver in prosecution for petit larceny is not defective.* A written jury waiver in a prosecution for petit larceny was not defective because it specified "larceny" merely instead of "petit larceny" where there is abundant indication in the record that nothing but "petit larceny" was involved.

2. JURY—*what waiver in criminal prosecution need not show.* It is unnecessary that a jury waiver itself show that the crime involved was not a felony.

3. LARCENY—*when finding as to value of property is sufficient.* A finding that defendant was "guilty of larceny of the value of one dollar ($1.00) good and lawful money of the United States of America," while inartificial, meets the requirement as to the finding of the value of property involved in a larceny.

4. LARCENY—*what judgment of guilty need not state.* A judgment finding defendant guilty of larceny need not state from whom the property was stolen.

5. LARCENY—*when information is not fatally indefinite nor insufficient.* An information charging defendant with the larceny of "one dollar ($1.00) good and lawful money of the United States of America" is not so indefinite as to make it subject to quashal nor so insufficient as not to support a finding and judgment of guilty, the former decisions of *People v. Ludra,* 212 Ill. App. 665; *People v. Miller,* 178 Ill. App. 292; and *People v. Pavlak,* 218 Ill. App. 633, being overruled as not based upon a correct interpretation of *People v. Hunt,* 251 Ill. 446.

Error to the Municipal Court of Chicago; the Hon. HUGH R. STEWART, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Affirmed. Opinion filed December 21, 1921. Rehearing denied January 4, 1922.

ANDALMAN, KOSTNER & ARVEY, for plaintiff in error; MAXWELL N. ANDALMAN, of counsel.

MACLAY HOYNE and EDWARD E. WILSON, for defendant in error.

MR. JUSTICE THOMSON delivered the opinion of the court.

By this writ of error the plaintiff, Sadie Cohen, seeks to reverse the judgment of the municipal court of Chicago, by which she was found guilty of petit larceny and sentenced to the house of correction of the City of Chicago for three months, and, further, to pay a fine of one dollar and costs.

We have only the common-law record before us. The defendant contends that the judgment of the municipal court of Chicago should be reversed because the trial was had before the court without a jury but without a legal and proper waiver of her right of a trial by jury by the defendant. The written jury waiver, signed by the defendant, was properly entitled and contains the further notation, "Criminal. No. 268365. For larceny." The point is urged that the waiver was defective in not specifying petit larceny and that inasmuch as the designation was simply larceny it included grand larceny, which would constitute a felony under which the jury could not be waived. The contention is without merit. There is abundant indication from the record that nothing was involved but petit larceny and it is not necessary that the jury waiver itself specifically manifest that fact. The defendant further contends that the judgment should be reversed because of error made both in the finding of the trial court and in the judgment entered. After hearing the evidence the record states that the court found the defendant "guilty of larceny of the value of one dollar ($1.00) good and lawful money of the United States of America." That finding is inartificial, to say the least, as was said of a similar finding by this court in *People v. Tuhl*, 211 Ill. App. 377. But, as was held in that case, it meets the requirements which call for a finding as to the value of the property involved in the alleged larceny. It is also urged that the trial court erred in its judgment in which it was "adjudged by the court that

the said defendant, Sadie Cohen, is guilty of the criminal offense of larceny of one dollar ($1.00) good and lawful money of the United States of America." The point urged is that the judgment is defective in that it failed to adjudge the defendant guilty of larceny of one dollar from Mitci Klaffenbok, as alleged in the information. This point also is without merit. A judgment of this kind does not need to state from whom the larceny was committed. As stated above, the evidence has not been included in the record. Presumably ·it was such as to satisfy the charge in the information to the effect that the property stolen was the property of the person there named.

In support of this writ of error, the defendant further urges that the information is fatally defective and insufficient to support the finding and judgment rendered by the court. The information charges that the defendant "did steal, take and carry away with intent to steal same, one dollar ($1.00) good and legal money of the United States of America." In support of this contention the defendant relies on *People v. Hunt,* 251 Ill. 446; *People v. Miller,* 178 Ill. App. 292; and *People v. Pavlak,* 218 Ill. App. 633. In *People v. Miller,* the information contained an allegation similar to the one involved in the case at bar, and this court in reversing the judgment said: "In *People v. Hunt,* 251 Ill. 446, the allegation that the defendant stole, etc., '$55 of good and lawful money of the United States of America of the value of,' etc., was held bad and the judgment therein reversed and the cause remanded." In *People v. Pavlak,* the information also contained an allegation similar to the one involved in the case at bar and this court said: "Of the many errors assigned and argued on this record, it will only be necessary to consider the one which questions the sufficiency of the information, in that it fails to specify the kind or denominations of the $14 alleged to have been stolen, or to allege that these were unknown. The Su-

preme Court has held this to be necessary in *People v. Hunt,* 251 Ill. 446, and this court so held in *People v. Miller,* 178 Ill. App. 292.''

In our opinion, the decision of the Supreme Court in *People v. Hunt* is not such as to support the defendant's contention or the two decisions of this court last referred to. In that case the defendant was charged, in the first count of the indictment, with robbery, by putting the complaining witness in bodily fear and by then and there feloniously and violently and forcibly taking from him one pocketbook of the value of one dollar and "$55 of good and lawful money of the United States of America of the value of, to-wit, $55, said personal property and money being of the aggregate value of, to-wit, $56, a more particular description of said personal property and money being to these grand jurors unknown.'' The second count also charged robbery and the third count charged the larceny of a pocketbook to the value of one dollar and "$55 of good and lawful money of the United States of America of the value of $55,'' and alleges, as in the other two counts, "a more particular description of said personal goods, chattels and money is to the grand jurors unknown.'' The judgment of guilty was on the last count. On the trial, the complaining witness testified that the money taken from him was paper money and said: "The bills were five tens and a five. I testified before the grand jury that there were five ten-dollar bills and a five-dollar bill.'' The Supreme Court pointed out that the indictment charged the defendant with the larceny of money in the sum of $55 but that it did not contain a description of the money alleged to be stolen, giving as a reason therefor, that a more particular description of the money was unknown to the grand jurors but that the uncontradicted evidence showed that a more particular description of the money alleged to have been stolen had been given to the grand jury by the prosecuting witness and for

that reason the defendant contended that the conviction was erroneous and that the court should have granted a new trial, which, the Supreme Court said, "presents the only question which requires our consideration." The court then pointed out that an indictment for the larceny of money, which merely described the subject of the larceny as a certain number of dollars in lawful money of the government, of a stated value, would be too indefinite and uncertain, and should, according to the great weight of authority, be quashed on motion. The same would be true of an information. The court in the decision referred to says: "The rule is undoubtedly well established that an indictment for the larceny of money should contain such a description as to call to mind the particular coins or bills and thus identify the things stolen. * * * The rule above laid down applies to all cases of larceny where the description of the property is or may be known to the grand jury," but if such description is not known, "the strictness of the rule is relaxed and the grand jury is permitted to describe the property as particularly as the testimony of the witnesses will permit and then allege that further particulars are to the grand jurors unknown. * * * Where matters which ought to be stated in the indictment are omitted and the excuse is stated that such facts were unknown to the grand jurors, the truthfulness of the excuse given is put in issue by the plea of not guilty and the burden is upon the State to prove such allegation." The court then held that the proof did not present a mere matter of variance but that the State had failed to prove an essential averment of this indictment, namely, that a more particular description of the money alleged to have been stolen was unknown to the grand jurors.

In our opinion, an information charging the defendant with the larceny of "one dollar good and lawful money of the United States of America," is sufficient

and not so indefinite as to make it subject to a motion to quash, nor so insufficient as not to support a finding and judgment of guilty.

In *People v. Ludra,* 212 Ill. App. 665, we reached a different conclusion. In that case we followed the decision of this court in *People v. Miller,* and the interpretation of the decision of the Supreme Court in *People v. Hunt, supra,* there set forth, which interpretation was again followed in *People v. Pavlak, supra.* But, after a careful reconsideration and examination of all these cases, we are of the opinion that the decisions of this court, referred to, are not founded upon a correct interpretation of the decision of the Supreme Court in *People v. Hunt.* As we have pointed out above, the insufficiency of the indictment there involved was not one of the issues before the court on the appeal.

For the reasons stated the judgment of the municipal court is affirmed.

*Affirmed.*

O'CONNOR, P. J., and TAYLOR, J., concur.