**People of the State of Illinois, Defendant in Error, v. George Pitron, Plaintiff in Error.**

**Gen. No. 42,721.**

Opinion filed December 13, 1943.

W. G. ANDERSON, of Chicago, for plaintiff in error.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE and JOSEPH A. POPE, Assistant State's Attorneys, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Plaintiff in error was tried on an information, which charged that on May 25, 1940, at the city of Chicago, in Cook county in the State of Illinois, he "did then and there unlawfully and wilfully steal, take and carry

away to-wit:—United States Currency; of the value of Fourteen ($14.00) Dollars, the personal goods and property of Tom Demos.''

The record shows defendant was arrested without warrant, was present in open court; that it was ordered the bailiff take him into custody; that being duly arraigned and advised by the court as to his legal rights, the consequence of his plea of guilty and his right to trial by jury, he persisted in the plea; that thereupon the plea was received and recorded; that the court then heard and examined witnesses in mitigation of the offense, that he was adjudged guilty and sentenced to pay a fine of $1.00 and to serve a term of one year in the county jail.

This writ of error has been sued out and it is contended that the allegation of the information is insufficient to state a crime and that the judgment against defendant should therefore be reversed. In support of defendant's contention *People of the State of Illinois v. Hunt,* 251 Ill. 446, is cited. That the information would have been found defective and insufficient upon a motion to quash or upon a motion in arrest of judgment under the law as stated in that case may be conceded. The Supreme Court in the opinion in that case said:

''The rule is undoubtedly well established that an indictment for the larceny of money should contain such a description as to call to mind the particular coins or bills and thus identify the things stolen. The reasons for this requirement are concisely and accurately stated by the Supreme Court of Michigan in *Merwin v. People,* 26 Mich. 298, as follows:

'' 'Among the objects to be accomplished by the mode of setting forth the criminal charge, with its essential and descriptive circumstances, and especially the description of property stolen, the following have always been recognized as fundamental: First, to identify the

particular transaction charged as criminal, so that the defendant shall not be liable to be put upon his trial for an offense different from that for which the grand jury have found the bill, or (when under our law the information is substituted) different from that to which the person verifying the information intended to swear; second, that the defendant's conviction or acquittal may inure to his subsequent protection should he be again prosecuted for the same offense, (and, though the identity may be shown by evidence *aliunde,* where it does not clearly appear from the record, yet it would be more difficult for the defendant to show such identity where no specific description is given in the indictment;) third, to inform the defendant of the particular transaction constituting the offense for which he is to be tried, that he may be able to prepare for his defense; and fourth, to enable the court, looking at the record after the conviction, to decide whether the facts as charged are sufficient to support the conviction and warrant the judgment.' ' ''

The opinion goes on to say that the rule is sometimes relaxed of necessity, where it is impossible to ascertain a particular description of the money taken, as where the indictment states that the denominations are unknown, etc. The case is clearly distinguishable from the one on which plaintiff in error relies in that it there appears there was a motion to quash and also a motion in arrest of judgment, which does not appear to be true in this case. The cases are further distinguishable in the fact that here no bill of exceptions has been preserved. Evidence was taken by the court, the record shows, but as to what the evidence was we have no information. For aught this court can tell, the exact denominations of the currency may have been proved. That this is probable would seem to appear from the fact that there is a finding by the court of the exact value of the money stolen.

Plaintiff in error also contends that the record indicates that he was not represented by counsel, and it is

said that since the record fails to show defendant "competently and intelligently waived his constitutional right to counsel," the cause must be reversed, citing *Johnson v. Zerbst*, 304 U. S. 458. *People v. Parcora*, 358 Ill. 448, seems to be a sufficient answer to this contention. The court there said:

"Court in the trial of criminal cases is bound to see that counsel is provided, when requested, for defendants unable to procure such assistance. It is a matter of common knowledge that in a court such as the Municipal Court of Chicago hundreds of cases are heard without the intervention of counsel. In the absence of a sufficient showing to the contrary, this court must presume that the judge hearing this case in the Municipal Court did not deny a request for the services of counsel."

It appears from the record that the instant was not the only offense of this character of which defendant was found guilty at this time, and it is contended in behalf of plaintiff in error that the trial court's attempt to punish plaintiff in error with three consecutive sentences of one year imprisonment was insufficient because the judgment did not contain the proper language. The language was as follows:

"Df. sentenced to confinement in the County Jail of Cook County for term of one year and further sentenced to pay a fine in the sum of one dollar.

"It is hereby ordered that the sentence in this case commence at the expiration of one year sentence in case No. 1717289 and be served cumulatively (concurrently) thereafter."

We hold the language was sufficient. *People v. Decker*, 347 Ill. 258. The judgment will be affirmed.

*Affirmed.*

O'CONNOR, P. J., and NIEMEYER, J., concur.