People of State of Illinois, Defendant in Error, v.
Robert Ocampo, Plaintiff in Error.

Gen. No. 43,761.

Opinion filed February 5, 1947. Released for publication February 21, 1947.

ELLIS & WESTBROOKS, CLAUDE W. B. HOLMAN, DUDLEY H. THOMAS, THEODORE HOWARD and EDWARD M. BYRD, for plaintiff in error; CLAUDE W. B. HOLMAN and THEODORE B. HOWARD, both of Chicago, of counsel.

WILLIAM J. TUOHY, State's Attorney, for defendant in error; EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, JOSEPH A. POPE and C. D. PEMBERTON, Assistant State's Attorneys, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

An information filed in the municipal court of Chicago on February 13, 1946 charged that Robert Ocampo on February 11, 1946 did "then and there unlawfully, wilfully and maliciously, steal, take, and carry away the personal goods and property of Mau-

rice E. Miller, to wit: Eighty cents—(50¢–25¢–05¢) U. S. Currency, in violation of Sec. 387, chapter 38, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the People of the State of Illinois." On the same day the defendant was arraigned, pleaded not guilty, and waived a trial by jury. The record shows that the court, after hearing all the testimony offered and being fully advised in the premises, found him guilty in manner and form as charged in the information, found the "value of the property stolen to be 80¢" and entered judgment, sentencing him to confinement in the House of Correction of the City of Chicago for one year and to pay a fine of $100 and costs.

On March 11, 1946, defendant was granted leave to file the following petitions in support of motions to vacate the judgment, to quash the information and for a new trial:

"That he is innocent of the charge alleged against him; that he is unfamiliar with Court procedure and did not know how to advise the Court of his innocence. Defendant further represents that he is accused of stealing Eighty Cents in U. S. Currency; that there is no such thing as Eighty Cents U. S. Currency and so he is accused of stealing something that does not exist; that being unfamiliar with Court procedure he did not know how to inform the Court of this fact; that the Court did not know that this defendant was unfamiliar with Court procedure and did not know that this defendant had a good and meritorious defense, namely, that he was not guilty, and also, namely, that he was accused of stealing something that did not exist either in law or in fact; that had the Court been advised of this fact, defendant contends that the Court would not have entered this judgment; and consequently defendant says that there was an error of fact which occurred at his trial and that if the Court had known of the existence of such fact at the time of the rendition

of this judgment, said judgment would not have been entered. Defendant further states that he had no attorney to advise him as is shown by the record of this Court; that if he had had an attorney he could have urged the above defenses; that he was arrested on February 11th and sentenced on February 13, 1946; that he is a stranger in Chicago and lives in Indiana, and he had no means or opportunity of communication with friends or relatives between the time of his arrest and the time of his trial and conviction as aforesaid; that he did not even know enough to ask for a continuance to employ counsel; that he was not advised by anyone of his rights in the premises, and consequently he has been deprived of an opportunity to present a defense to this Court. Defendant further states that the information filed against him is absolutely void, in that it accuses him of stealing something that does not exist and in addition thereto there is absolutely no allegation as to the value of this said non-existent commodity, and consequently since no value was alleged, the Court cannot presume value, nor can the Court know by the information whether the supposed offense is a felony or misdemeanor, and whether or not the Municipal Court of Chicago has jurisdiction thereof. Whereof, because of the errors of fact committed and occurring during the trial of this cause; and wherefore because the information filed against the defendant is absolutely void, defendant prays that this Honorable Court will reverse the judgment entered herein, grant him a new trial, quash said indictment and discharge said defendant.''

The court treated defendant's motions, supported by the petition, as motions praying for a writ of error *coram nobis* and to vacate the judgment. The court denied defendant's motions. He, suing out a writ of error, brings to this court only the common law record.

Defendant maintains that the judgment is void because it is based upon a void information. He states that "it is a fundamental rule of criminal procedure that an indictment or information for larceny must state the value of the property alleged to have been stolen, particularly so where, as in Illinois, the punishment depends upon the value of the property stolen, and where the value determines whether the offense charged is a misdemeanor or a felony." He asserts that the allegation that he did steal, take and carry away "Eighty cents (50¢–25¢–05¢) U. S. Currency" is not an allegation of value; that the abbreviation "U. S." may or may not mean "United States"; that if it means "United States" it might mean "United States of America" with the "A" left out, or "United States of Brazil" with the "B" omitted, or "United States of Mexico" with the "M" omitted, or any of a number of other countries; that even if the letters "U. S. A." had been used in the information, it would be defective for want of certainty, because these initials might mean "Union of South Africa"; that the court is not permitted to speculate on the meaning of the pleader; that the information is also defective in that it does not allege that the money is lawful money of the United States of America of the value of eighty cents; and that this defect is not cured by saying that the 80¢ is "U. S. Currency," since currency means "nothing but paper money." Defendant argues further that the money allegedly stolen is not sufficiently described; that the word "currency" does not include coin; that this word cannot be taken to mean a silver half dollar worth 50¢, a silver quarter dollar worth 25¢, or a nickel piece worth 5¢; and that the court was in error in "arbitrarily dismissing his petition."

Section 9 of the Bill of Rights provides that in all criminal prosecutions the accused shall have the right to demand the nature and cause of the accusation

against him. The purpose of this guaranty is to secure to him such specific designation of the offense laid to his charge as will enable him to prepare fully his defense and to plead the judgment in bar of a subsequent prosecution for the same offense. *People v. Rice,* 383 Ill. 584. Sec. 6, Div. 11 of the Criminal Code (par. 716, ch. 38, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 37.691]) provides that "every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statutes creating the offense, or so plainly that the nature of the offense may be easily understood by the jury." In *Webster v. Pierce,* 35 Ill. 158, our Supreme Court, speaking through Mr. Justice BREESE, said (163): "Currency, we have decided, is coin, or such bank notes as pass freely in commercial transactions as money and regarded nearly equivalent to coin." The author of the article on "Currency" in 25 C. J. S., page 33, states:

"Currency is the circulating medium, and is generally used to indicate the aggregate of coin, bills, notes, etc., in circulation as, a metallic currency, a mixed currency, and paper currency, etc. Aside from extrinsic circumstances or a peculiar and acquired meaning, currency is that which circulates current as money; if gold and silver circulates as money, they are currency; if bank notes circulate as money, they are currency; thus currency may be composed of either coin or paper or both."

We take judicial notice of the fact that 80¢ in U. S. currency consisting of 50¢, 25¢ and 5¢ is metallic currency of the United States of America, made up of a fifty cent silver coin, a twenty-five cent silver coin and a five cent nickel coin. Under the authorities the word "currency" appropriately describes coins as well as "paper" money. Using abbreviations in an information should not be encouraged. However, the fact that

abbreviations are used does not make the information vulnerable to attack, providing the offense is stated so plainly that the nature thereof may be easily understood. The question presented in the instant case is whether the information gave defendant enough information to prepare his defense and whether it is sufficiently definite as a bar to further prosecution. *People v. Green*, 368 Ill. 242.

 In informations and indictments brought in this Republic, it is unnecessary to use the words "Of America" after the words "United States." When the words "United States" are used, people understand them to designate the Republic of the "United States of America." In order that money throughout the United States may be uniform, the Federal government is given, by the Constitution of the United States, the exclusive power to coin money and regulate its value and the value of foreign coin. The power to regulate the value of coin may be exercised by Congress from time to time as the value of the metal changes. Congress may establish a uniform national currency, declare of what it shall consist, and endow that currency with the character and qualities of money having a defined legal value, by requiring its acceptance at its face value as legal tender in the discharge of all debts. 36 Am. Jur., Money, sec. 12. We are of the opinion that the value of coins and other forms of money of the United States need not be expressly averred. The value has been fixed by Act of Congress. When he read the information charging him with unlawfully, wilfully and maliciously stealing, taking and carrying away 80¢ in U. S. Currency, defendant knew that the U. S. Currency was of the value of 80¢. Nothing would be added to the information by stating that the 80¢ alleged to have been stolen by defendant was of the value of 80¢. It is a common practice to abbreviate the words "United States of America" by writing "U. S."

■ We have read the complete opinion in *People v. Wilson,* reported in abstract form in 321 Ill. App. 304. There the information charged that the defendant did "steal, take and carry away, with the intent to steal, the sum of $4.50 in lawful money of the United States of America, the personal goods and property of the said James Branch." Although this information did not specifically allege the value of the money, we held that it was sufficient. In *People v. Miller,* reported in abstract form in 292 Ill. App. 643, an examination of the opinion discloses that the information charging larceny of $2.00 U. S. currency did not otherwise allege the value of the currency. In sustaining the judgment, we said that the information was sufficient. In *People v. Cohen,* 223 Ill. App. 231, we held that an information charging the defendant with larceny of "$1.00 good and lawful money of the United States of America" was sufficient. In affirming the judgment our Supreme Court said (303 Ill. 523) at page 525:

" 'One dollar ($1) good and legal money of the United States of America', is a definite and certain description of a piece of money of a fixed value, and there is not the slightest basis in common sense or in principle for the contention that either the defendant or the judge would have any difficulty in understanding the nature of the offense charged."

We are satisfied that the information sufficiently charged the offense and that defendant's arguments to the contrary are without merit.

■ The motion and petition of defendant also states that he had no attorney to advise him of his rights. The record states that defendant was not represented by counsel. In the case of *People v. Parcora,* 358 Ill. 448, our Supreme Court said (451):

"The court in the trial of criminal cases is bound to see that counsel is provided, when requested, for de-

fendants unable to procure such assistance. It is a matter of common knowledge that in a court such as the municipal court of Chicago hundreds of cases are heard without the intervention of counsel. In the absence of a sufficient showing to the contrary, this court must presume that the judge hearing the case in the municipal court did not deny a request for the services of counsel.''

It is not contended that the defendant requested counsel, or that his request was refused. Applying the rule announced in the *Parcora* case, we cannot sustain defendant's contention. See also *People v. Russell,* 394 Ill. 192, and *People v. Burnett,* 395 Ill. 179.

Defendant states that ''the penalty itself demonstrates clearly by its severity that he needed counsel and an opportunity to prepare a defense.'' As only the common law record was presented to us, we are not in a position to say that the penalty was too severe; nor can we say that defendant was denied an opportunity to prepare a defense. For the reasons stated, the judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

Lewe, P. J., and Kiley, J., concur.